[No. 3444.  Decided April 18, 1900.]

JOHN KILDEA, *Respondent,* v. WASHINGTON LIQUOR COM-
PANY, *Appellant,* HEIBER BREWING AND MALTING COM-
PANY, *Respondent.*

SALES — RESCISSION — DECREE — ADJUSTMENT OF RIGHTS OF ALL
PARTIES.

Where the purchaser of saloon furniture and fixtures gave
his note to the seller for $500, and executed a chattel mortgage
on the furniture for $1,000, to a third party, in order to obtain
money to make a cash payment to the seller, with the under-
standing that he might rescind the sale within sixty days, in an
action by him for the cancellation of the note to the seller and
the chattel mortgage to the third party, a judgment in favor of
such third party against the seller is warranted, the suit being
an equitable one and all the parties before the court, when the
purchaser has established his right to a rescission of the sale.

25—22 WASH.

SAME—RIGHT TO INTEREST ON PURCHASE PRICE.

In such an action, when it does not appear that any stipulation was made for the payment of interest on such sums during the time plaintiff retained possession of the property, an award of interest in favor of the third party and against the seller is erroneous.

Appeal from Superior Court, Spokane County.—Hon. Leander H. Prather, Judge. Modified.

*T. D. Rockwell* (*Lewis & Lewis,* of counsel), for appellant.

*Jones, Belt & Quinn* and *Nash & Nash,* for respondents.

The opinion of the court was delivered by

Reavis, J.—Action by plaintiff for the surrender and cancellation of a note for $500 executed by plaintiff, and payable to the defendant, the Washington Liquor Company, which note was given as a part of the purchase price of certain saloon furniture and fixtures contained in what was known as the "Cricket Saloon," in Spokane; and also to secure the surrender and satisfaction of a certain note for $1,000 executed by plaintiff to the Heiber Brewing & Malting Company, and secured by a chattel mortgage upon the furniture and fixtures in the Cricket Saloon. On the 2d day of November, 1897, plaintiff received a bill of sale from the Washington Liquor Company, defendant, of the personal property contained in the Cricket Saloon, and, as a consideration for the purchase, executed his note, payable to the liquor company, for $500; and at the same time the brewing and malting company delivered to the liquor company, as a part of the consideration for the purchase price, two checks of $500 each. The bill of sale contains a stipulation that the liquor company would re-purchase the property sold, if at the end of sixty days it was desired by the plaintiff, and the goods were in the same condition. It was also agreed between the parties that a chattel mort-

gage should be executed by plaintiff, and delivered to the brewing and malting company, in the sum of $1,000, to secure the payment of the $1,000 so advanced by the brewing company, and that such mortgage should not be placed of record at that time. The Washington Liquor Company, in its answer, alleged that the bill of sale was inadvertently dated the 2d of November, 1897, instead of the 21st of October preceding, and that the provision for the re-purchase of the property was incorrectly written. It also denied that it was notified by plaintiff of his desire that it should re-purchase the property. Upon the testimony adduced at the trial the court found that the contract between plaintiff and the defendant liquor company was made on the second day of November, 1897, and at the end of the sixty days, as mentioned in the bill of sale, plaintiff tendered back the property and offered to rescind the contract, which offer the defendant liquor company then and there refused; that by agreement among the respective parties the chattel mortgage was made and delivered by plaintiff to the brewing and malting company, and that the property was in the condition in which it was agreed and understood that it should be at the time the tender for rescission of the sale was made by plaintiff.

An examination of the evidence confirms the findings of the court. In fact, counsel for appellant do not seem, in their argument, to seriously challenge the correctness of the findings of fact, but appear to insist that the decree entered in the cause is not sustained by the findings. But the suit is an equitable one, and all the parties were before the court. Plaintiff was entitled to the cancellation of the chattel mortgage and of the notes which he had executed, and the defendant and respondent, Heiber Brewing & Malting Company, was entitled to the re-payment of the $1,000 advanced by it upon the purchase of the property.

All this was properly decreed. But it does not appear that any stipulation was made with reference to the payment of interest during the sixty days that plaintiff could retain possession of the property, and there are no facts appearing which seem to impose the duty of the payment of interest during the sixty days upon the liquor company. It is concluded, therefore, that the allowance of the sixty days' interest by the court was incorrect.

The judgment will be modified so as to exclude the sixty days' interest allowed the brewing and malting company, and in all other respects it is affirmed.

GORDON, C. J., and DUNBAR and FULLERTON, JJ., concur.